**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

| | |
|---|---|
| **DONALD ESTEPP,** )<br><br>       **Petitioner,** )<br><br>**v.** )<br><br>**DAVID BALLARD, Warden,** )<br>**Northern Correctional Center,** )<br><br>       **Respondent.** ) | **Civil Action No. 3:08-0102** |

**MEMORANDUM OPINION AND ORDER**

On February 13, 2008, Petitioner, acting *pro se* and incarcerated at Northern Correctional Center, Moundsville, West Virginia, filed a Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody.[1] (Document No. 2.) Petitioner alleges the following grounds for *habeas* relief:

1.    Ineffective Assistance of Trial Counsel.

        (a)    Trial counsel failed to conduct a proper investigation prior to the plea agreement;

        (b)    Trial counsel failed to assure defendant's presence at critical stages of the proceedings and ensure that a record of those proceedings was made; and

        (c)    Trial counsel gave improper advice prior to the plea as to sentencing.

2.    Disproportionate Sentence. Petitioner's due process rights, both under the United States and West Virginia Constitutions, were violated due to disproportionate sentencing by the 80-year (now 60-year) sentence imposed in this case.

---

[1]  Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

3.    Ineffective Assistance of Appellate Counsel. Petitioner received ineffective assistance of counsel at the appellate level for appellate counsel's failure to raise a reversible error on appeal; i.e., the trial court's denial of the motion to withdraw a guilty plea due to failure to follow Rule 11.

4.    Trial Court's failure to follow Rule 11 was an error of constitutional nature.

(Document No. 2, p. 16.)

## PROCEDURAL HISTORY

On May 10, 2002, Petitioner was indicted by the Grand Jury in Cabell County, West Virginia, of one count of First Degree Robbery. (Document No. 7-1, p. 2.) On June 13, 2002, Petitioner pled guilty to First Degree Robbery in the Circuit Court of Cabell County, West Virginia. (Id.) On August 6, 2002, the Circuit Court sentenced Petitioner to 80 years in the penitentiary. (Id.) Petitioner filed a *pro se* Motion to Withdraw Guilty Plea, which was subsequently denied without a hearing. (Document No. 2, pp. 4 - 10.) On August 13, 2002, trial counsel filed a Motion to Withdraw as Counsel. (Document No. 7-1, p. 2.) On September 11, 2002, the Circuit Court granted trial counsel's Motion to Withdraw and appointed Christopher Dean to represent Petitioner. (Id.) On December 31, 2002, Mr. Dean filed a Motion to Extend Time for Appeal. (Document No. 2, p. 2 and Document No. 7-1, p. 3.) On January 2, 2003, the Circuit Court granted Petitioner's Motion to Extend Time for Appeal. (Document No. 2, p. 3 and Document No. 7-1, p. 3.) On April 1, 2003, Petitioner, by counsel, filed his Petition for Appeal to the Supreme Court of Appeals of West Virginia raising the following as grounds of error: (1) Involuntary Plea; (2) Ineffective Assistance of Trial Counsel; and (3) Trial court lacked jurisdiction to accept the plea.[2] (Document No. 25-1, p. 21.) The West Virginia Supreme Court refused the appeal by Order entered on September 11, 2003. (Document No. 7-1, pp. 3 and 5.) On March 25, 2004, the United States Supreme Court denied

---

[2] *Also see* http://www.state.wv.us/wvsca/calendar/sept11_03w.htm.

Petitioner's petition for writ of certiorari. (Document No. 13-1, p. 2.); Estepp v. West Virginia, 541 U.S. 950, 124 S.Ct. 1688, 158 L.Ed.2d 380 (2004).

Petitioner, acting *pro se*, filed his Petition for Writ of *Habeas Corpus* in the Circuit Court of Cabell County on June 22, 2004, requesting that he be allowed to withdraw his guilty plea. (Id., p. 7.); Estepp v. McBride, Civil Action No. 04-C-564 (Cir. Ct. Cabell Co.). Petitioner was subsequently appointed counsel, Douglas Reynolds, and an amended Petition was filed on April 14, 2006. (Id.) *Habeas* counsel raised the following grounds for *habeas* relief in Petitioner's amended Petition:

1. Trial Court improperly failed to comply with Rule 11.
2. Ineffective Assistance of Trial Counsel.
3. Ineffective Assistance of Appellate Counsel.
4. Disproportionate Sentence.

(Document No. 17-1, pp. 69 - 70.) The Circuit Court conducted an omnibus *habeas corpus* hearing on August 11, 2006. (Document No. 25-1, pp. 73 - 145.) On September 8 and 13, 2006, the Circuit Court conducted further hearings.[3] (Id., pp. 27 - 70.) By Order entered on September 18, 2006, the Circuit Court reduced Petitioner's sentence from 80 years to 60 years. (Document No. 7-1, p. 3 and Document No. 25-1, p. 149.) By Order entered on November 15, 2006, the Circuit Court denied Petitioner's request to withdraw his guilty plea and dismissed Petitioner's *habeas* Petition. (Document No. 7-1, pp. 3 and 10 - 12.) On April 9, 2007, Petitioner appealed to the West Virginia Supreme Court raising the following grounds of error:

1. Petitioner received ineffective assistance of counsel at the trial level for the

---

[3] According to the Court Report, Jeanne S. Hall, the September 13, 2006, hearing was not transcribed because it only involved legal arguments. (Document No. 27-1, p. 2.)

following: (a) trial counsel failed to properly investigate prior to the plea agreement, (b) failed to assure defendant's presence at critical stages of the proceedings and ensure that a record of those proceedings was made, and (c) gave improper advice prior to the plea as to sentencing.

2.     The Court's failure to follow Rule 11 was an error of constitutional nature.

3.     Petitioner received ineffective assistance of counsel at the appellate level for appellate counsel's failure to raise a reversible error on appeal; i.e., the trial court's denial of the motion to withdraw a guilty plea due to the failure to follow Rule 11.

4.     Petitioner's Due Process rights, both under the United States and West Virginia Constitutions, were violated due to disproportionate sentencing by the 80-year sentence imposed in this case.

(Document No. 25-1, pp. 3 - 24.) The West Virginia Supreme Court refused Petitioner's appeal on

May 22, 2007. (Document No. 7-1, p. 14.)

Petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By

a Person in State Custody on February 13, 2008. (Document No. 2.) By Order entered on February

20, 2008, United States Magistrate Judge Maurice G. Taylor directed Respondent to show cause,

if any, why Petitioner's Petition should not be granted. (Document No. 4.) On March 11, 2008, in

response to the Court's Order, Respondent filed his Answer, Motion to Dismiss and Memorandum

in Support thereof with exhibits. (Document Nos. 6 - 8.) Specifically, Respondent argued that

Petitioner's Petition was clearly untimely and should be dismissed with prejudice for failure to file

within the limitation period prescribed by 28 U.S.C. § 2244(d)(1). (Id.) On March 12, 2008, Notice

pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising

him of his right to file a response to Respondent's Motion to Dismiss. (Document No. 9.) On May

2, 2008, Petitioner filed his Response arguing that his Petition was timely filed with this Court.

(Document No. 12.) Petitioner argued that Respondent improperly failed to "take into account the

4

U.S. Supreme Court Certiorari filed during the time of Cases No. 02-F-58 and 04-C-564, which was not denied until 3/25/04." (Id., p. 2.) On May 9, 2008, Respondent filed his Reply stating that "Respondent overlooked [the petition for writ of certiorari] when preparing Petitioner's Procedural History, and acknowledges that the present federal petition is indeed timely." (Document No. 13.) By Order entered on August 21, 2008, Magistrate Judge Taylor denied Respondent's Motion to Dismiss and ordered that Respondent supplement his Answer. (Document No. 14.)

On October 30, 2008, Respondent filed his Motion for Summary Judgment and Memorandum in Support. (Document Nos. 17 and 18.) Respondent contends that summary judgment should be granted because "the Petition asserts claims not-cognizable in federal habeas corpus." (Document No. 17, p. 1.) Specifically, Respondent argues as follows: (1) Petitioner's claim of ineffective assistance of trial counsel fails because there is no evidence that Petitioner was prejudiced by his plea of guilty (Document No. 18, pp. 9 - 15.); (2) Petitioner's challenge to the statutory sentence cannot form the basis for federal relief because the "claim is purely a challenge to the application of State law by a State court" (Id., pp. 15 - 16.); (3) Petitioner's challenge that his sentence is unconstitutional under the Eighth Amendment is without merit because "Supreme Court precedent on this issue allows wide latitude among the states to determine and impose sentences under State law" (Id., pp. 16 - 18.); (4) Petitioner's claim of ineffective assistance of appellate counsel is without merit because "there is no federal right to appellate review for a State prisoner who pleads guilty in a non-death penalty case" (Id., pp. 18 - 20.); (5) Petitioner's claim of ineffective assistance of counsel at the trial phase fails because counsel is not "required to develop a case on the record in light of underlying facts that would offer few options for a defense, before advising a defendant whether to plead guilty or not" (Id., pp. 20 - 21.); and (6) Petitioner's claim of ineffective assistance of counsel prior to the plea "is refuted by the plea hearing and trial counsel's testimony at the habeas hearing" (Id., pp. 21 - 22.).

5

On October 31, 2008, Notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of his right to file a response to Respondent's Motion for Summary Judgment. (Document No. 19.) On November 26, 2008, Petitioner filed his Response arguing that trial counsel was ineffective by not objecting to the trial court's failure to "inform Petitioner that he could not withdraw his plea if the Court did not go along with the State's recommendation of a 20-year sentence." (Document No. 20, pp. 4 - 5.) First, Petitioner states that trial counsel's "[f]ailure to object was not reasonable conduct within the professional norms and clearly constitutes deficient performance." (<u>Id.</u>, p. 5.) Next, Petitioner claims that "[d]efense counsel's failure to object deprived Petitioner of his constitutional right to fully understand the nature and consequences of pleading guilty" and "[h]ad Petitioner known this significant fact, there is a reasonably probability that he would not have pled guilty." (<u>Id.</u>)

On June 23, 2009, Petitioner filed a Supplemental Motion requesting the Court to consider an Exhibit that "is already part of the record." (Document No. 21.) Petitioner states that he would "like to point out one fact specifically stated by the lower court in making its Determination/Order & Opinion by the Circuit Court of Cabell County, West Virginia, Judge Ferguson, Sixth Judicial Circuit." (<u>Id.</u>, p. 1.) Based on the following language, Petitioner contends that the Circuit Court "admitted" that trial counsel was ineffective: "In addition, this Court finds that counsel for the Defendant did not specifically advise the Defendant that he could withdraw his guilty plea if the Court did not sentence the Defendant to twenty years in prison." (<u>Id.</u>, p. 2.) Petitioner argues that "it is mandatory that counsel or the Court advise that Petitioner's plea can be withdrawn." (<u>Id.</u>)

## **THE APPLICABLE STANDARDS**

Federal *habeas* relief is available to a State prisoner under 28 U.S.C. § 2254, only if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a)(2002); <u>See</u> <u>also</u> <u>Sargent v. Waters</u>, 71 F.3d 158, 160 (4th Cir. 1995). Section 2254(d) provides that when the issues raised in a Section 2254 Petition were raised and considered

6

on the merits in State Court *habeas* proceedings, federal *habeas* relief is unavailable unless the State Court's decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the Supreme Court stated that under the "contrary to" clause in § 2254(d)(1), a federal *habeas* Court may grant *habeas* relief "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13, 120 S.Ct. at1523. A federal *habeas* Court may grant relief under the "unreasonable application" clause of § 2254(d)(1) where the State Court identified the appropriate Supreme Court precedent but unreasonably applied the governing principles. Id. In determining whether the State Court's decision was contrary to, or was an unreasonable application of, Supreme Court precedent, all factual determinations by the State Court are entitled to a presumption of correctness. 28 U.S.C. § 2254(e).[4] On this framework,

---

[4] Title 28, U.S.C. Section 2254(e) provides:

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
    (A) the claim relies on –
        (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously

consideration should be given to Respondent's Motion for Summary Judgment.

**Summary Judgment**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## ANALYSIS

A.   **Invalid Plea Agreement:**

Petitioner argues that his plea agreement was invalid because the Court failed to follow Rule 11. (Document No. 2.) Petitioner complains that the trial court's "failure to inform the defendant of

---

              unavailable; or
              (ii) a factual predicate that could not have been previously discovered
              through the exercise of due diligence; and
        (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

his right to withdraw his plea in the event of the Court's rejection of the plea agreement was inconsistent with the fair procedures as required by Rule 11(e)(2)." (Id.,p. 20.) Petitioner states that under Rule 11(e) of the West Virginia Rules of Criminal Procedure, the trial court "must advise the defendant that he may not withdraw his plea if the Court rejects the recommendation." (Id.) Petitioner claims that "he was unaware of the consequences of his plea and if properly advised, would not have pleaded guilty." (Id., p. 19.) Specifically, Petitioner states that he would not have pled guilty "had he been aware that the Court would stray from the 20-year recommendation." (Id., p. 20.) In Response, Respondent argues that the trial court's failure to follow a State court rule cannot form the basis for relief without a showing of prejudice. (Document No. 18, p. 13.) Respondent contends that "the courts have consistently held that the failure to comply with Rule 11 admonishment is harmless" error. (Id., p. 14.) Respondent, therefore, contends that the Petitioner is not entitled to *habeas* relief on the above claim.

A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). It is well recognized that when a defendant making a guilty plea is represented by counsel, his plea is strongly presumed to be valid in subsequent *habeas* proceedings. United States v. Custis, 988 F.2d. 1355, 1363 (4th Cir. 1993), aff'd, 511 U.S., 485, 114 S.Ct. 1732, 127 L.Ed.2d 517 (1994). Once a criminal defendant has pled guilty, collateral review is limited to an examination of "whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L.Ed.2d 927 (1989); see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1294 - 95 (4th Cir. 1992), cert. denied, 506 U.S. 885, 113 S.Ct. 243, 121 L.Ed.2d 176 (1992). Generally, a defendant's statement that his plea is made voluntarily and

knowingly is considered conclusive on these issues. <u>Savino v. Murry</u>, 82 F.3d 593, 603 (4th Cir. 1996), <u>cert. denied</u>, 518 U.S. 1036, 117 S.Ct. 1, 135 L.Ed.2d 1098 (1996). The Fourth Circuit has recognized that "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." <u>Fields v. Attorney General of Maryland</u>, 956 F.2d at 1299; <u>also see</u> <u>United States v. Lemaster</u>, 403 F.3d 216, 222 (4th Cir. 2005)(stating that "[i]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements"); <u>United States v. DeFusco</u>, 949 F.2d 114, 119 (4th Cir. 1991), <u>cert. denied</u>, 503 U.S. 997, 112 S.Ct. 1703, 118 L.Ed.2d 412 (1992)(finding that a defendant's statement made during the plea hearing is "strong evidence" of the voluntariness of the plea agreement); <u>United States v. Lambey</u>, 949 F.2d 133, 137 (4th Cir. 1991)(stating that the sentencing court's findings accepting a plea "constitute a formidable barrier" to attacking that plea). A guilty plea will be deemed involuntary if it is entered without knowledge of material information withheld by the prosecution. <u>See for example</u> <u>Sanchez v. United States</u>, 50 F.3d 1448, 1453 (9th Cir. 1995)(A defendant challenging the voluntariness of a guilty plea may assert a claim under <u>Brady</u> that the prosecution withheld evidence favorable to the defendant and material to guilt or punishment when defendant requested it.). Further, the voluntariness of a plea is called into question if the prosecutor's promises are not carried out. <u>Santobello v. New York</u>, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). When a guilty plea rests significantly upon a promise of the prosecutor, such that it could be said to be part of the inducement, such promise must be fulfilled. <u>United States v. Beltran-Ortiz</u>, 91 F.3d 665, 668 (4th Cir. 1996). The party, however, alleging breach of the plea agreement has the

burden of proving the breach by a preponderance of the evidence. United States v. Conner, 930 F.2d 1073, 1076 (4th Cir.), cert. denied, 502 U.S. 958, 112 S.Ct. 420, 116 L.Ed.2d 440 (1991).

The undersigned finds that the record in this case reflects that Petitioner's guilty plea was voluntary and made with full knowledge of its consequences. During the plea hearing, the prosecutor explained that Petitioner was charged with First Degree Robbery and was "pleading to the Indictment." (Document No. 17-1, p. 3.) The prosecutor explained the plea agreement as follows:

| | |
|---|---|
| THE COURT: | Okay. Was there any agreement other than the plea? Wasn't there a - - |
| MR. MARTORELLA: | The State would recommend twenty years, Your Honor, and they have the right for free allocution. |

(Id., p. 6.) The prosecutor, therefore, fulfilled his promise of recommending a 20-year sentence. Following the summary of the plea agreement, the trial court questioned Petitioner as follows:

Q.    In other words, the State feels like you should get a sentence of twenty years but actually it will be up to the Court to make that decision.

Do you understand that?

A.    Yes, sir.

Q.    What is the - - what can happen to you on a plea of guilty to First Degree Robbery? What is the penalty?

A.    From ten years is the less and life is the most.

Q.    Right. Right. Okay. Has anybody promised you what sentence you would receive?

A.    No, sir.

(Id., pp. 6 - 7.) The trial court further inquired as to whether Petitioner was under a doctor's care for any kind of mental disability, or was under the influence of drugs or alcohol. (Id., pp. 7 - 8.) Petitioner responded in the negative. (Id.) The trial court also explained Petitioner's constitutional

rights (Id., pp. 11 - 18.) The trial court then determined that "there is a basis of fact for the entering of your plea; that you freely and voluntarily enter your plea after being advised by the Court and your attorney of your rights in this matter." (Id., p. 20.) Based on the foregoing, the Court finds that Petitioner's plea was made knowingly and voluntarily. A review of the record reveals that Petitioner was adequately informed of the nature and consequences of his plea,[5] Petitioner stated that it was his decision to plead guilty, the trial court clarified that sentencing was in the court's discretion, and Petitioner stated that he still wanted to plead guilty. To the extent Petitioner is alleging that the trial court failed to comply with the West Virginia Rules of Criminal Procedure in conducting the plea hearing, the Court finds that such a claim is without merit because State rules of procedure are inapplicable in a federal *habeas* analysis.[6] Accordingly, the undersigned finds that Petitioner's claim that his plea was unlawfully induced and involuntary is without merit.

## 2.    **Ineffective Assistance of Counsel:**

---

[5]  As a consequence to pleading guilty to First Degree Robbery, Petitioner stated that he faced a penalty "from ten years is the less and life is the most." (Document No. 17-1, p. 7.)

[6]  A federal *habeas* petition may be entertained only on the grounds that a petitioner is in custody in violation of the Constitution or laws or treatises of the United States. See 28 U.S.C. § 2254(a). Thus, federal habeas review "is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 480, 116 L.Ed.2d. 385 (1991). Therefore, "[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension." *Wainwright v. Goode*, 464 U.S. 78, 83, 104 S.Ct. 378, 382, 78 L.Ed.2d. 187 (1983)(*per curiam*). Petitioner appears to argue that he is entitled to *habeas* relief based upon the trial court's alleged failure to comply with the requirements of Rule 11. To the extent Petitioner is requesting *habeas* relief based upon the trial court's alleged failure to comply with the requirements of Rule 11, the undersigned finds his claim is not cognizable. *Estelle*, 502 U.S. at 68, 112 S.Ct. at 480 (finding that violations of State law do not state claims cognizable by federal courts); *Weeks v. Angelone*, 176 F.3d 249, 262 (4th Cir. 1999)("when a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal *habeas* review").

The standards established by the United States Supreme Court in determining whether or not a defendant was denied his Sixth Amendment right to effective assistance of counsel are set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Ineffective assistance of counsel claims consist of mixed questions of fact and law. Id. Under the two-pronged standard, a Petitioner must show (1) that counsel's performance was so deficient that it fell below an objective standard of reasonableness, and (2) that counsel's deficiency resulted in prejudice so as to render the results of the trial unreliable. Id. at 687-91, 104 S.Ct. at 2064-66. Counsel's performance is entitled to a presumption of reasonableness and judicial review of counsel's strategic decisions is highly deferential. Id. at 689, 104 S.Ct. at 2065. Thus, a petitioner challenging his conviction on the grounds of ineffective assistance must overcome a strong presumption that the challenged actions constituted sound trial strategies. Id. The Court in Strickland cautioned against the ease in second-guessing counsel's unsuccessful assistance after the adverse conviction and sentence are entered. Id. The Fourth Circuit Court of Appeals specifically recognized that ineffective assistance of counsel may not be established by a "Monday morning quarterbacking" review of counsel's choice of trial strategy. Stamper v. Muncie, 944 F.2d 170, 178 (4th Cir. 1991), cert. denied, 506 U.S. 1087 (1993). Applying this standard, and based upon all of the evidence of record, the Court will address the merits of each of Petitioner's allegations of ineffective assistance of counsel.

### A.   *Trial Counsel Failed to Properly Explain Plea Offer and Possible Sentence.*

Petitioner alleges that he "was denied his State and Federal Constitutional rights to effective assistance of counsel when his counsel provided him with erroneous advice concerning the State's plea agreement." (Document No. 2, p. 17.) Specifically, Petitioner argues that counsel failed to advise him that he could not withdraw his plea if his sentence exceeded 20 years. (Id., pp. 20, 33 - 34.) Petitioner contends that he would not have pled guilty "had he been aware that the Court would

13

stray from the 20-year recommendation." (Id., p. 20) Therefore, Petitioner argues that he was denied effective assistance of counsel.

Respondent argues that Petitioner's claim of ineffective assistance of counsel is without merit. (Document No. 18, pp. 9 - 15.) Respondent argues that Petitioner cannot satisfy the prejudice prong because there is no evidence that a trial would have resulted in an acquittal or shorter sentence. (Id., p. 13.) Respondent states that "the only argument Petitioner could make is that if he knew he was going to get 80 years, he would have taken his chances at trial [and] [t]his does not support a claim of ineffectiveness." (Id.) Respondent contends that "Petitioner's motion to withdraw the plea only after he knew of the sentence does not support this claim." (Id.) Respondent asserts that "Petitioner has not produced or argued any evidence that indicates acquittal or a lower sentence was a real possibility if he had gone to trial." (Id., p. 14.) Respondent further notes that "Petitioner's own admission of guilt does not raise the possibility that there was insufficient evidence available to the State to convict." (Id.)

In his Response, Petitioner argues that trial counsel was ineffective because counsel "should have been fully aware of the court's responsibility to inform Petitioner that he could not withdraw his plea if the Court does not go along with the State's recommendation of a 20-year sentence." (Document No. 20, p. 5.) Petitioner contends that trial counsel's "[f]ailure to object was not within professional norms and clearly constitutes deficient performance." (Id.) Petitioner further states that "[d]efense counsel's failure to object deprived Petitioner of his constitutional right to fully understand the nature and consequence of pleading guilty." (Id., p. 6.) Finally, Petitioner asserts that he was prejudiced because the "80-year sentence was substantially more than what he expected to receive."

In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the United States Supreme Court considered Mr. Hill's allegation that his guilty plea was involuntary due to ineffective assistance of counsel because his attorney misinformed him respecting when he would become eligible for parole. The Supreme Court held "that the two-part Strickland v. Washington test applies to challenges to guilty pleas based upon ineffective assistance of counsel." Hill, 474 U.S. at 58, 106 S.Ct. at 370. The Supreme Court stated respecting the "prejudice" prong of that test that in addition to demonstrating that his trial attorney's performance was deficient, the petitioner must prove that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59, 106 S.Ct. at 370; See also United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). The Hill Court stated that "[w]e find it unnecessary to determine whether there may be circumstances under which erroneous advice by counsel as to parole eligibility may be deemed constitutionally ineffective assistance of counsel because . . . we conclude that petitioner's allegations are insufficient to satisfy the Strickland v. Washington requirement of 'prejudice.' Petitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial." Hill, 474 U.S. at 60, 106 S.Ct. at 371. Further, when evaluating a claim of ineffective assistance of counsel post guilty plea, statements made under oath affirming satisfaction with counsel are binding absent clear and convincing evidence to the contrary. See Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

Without determining whether trial counsel's performance was deficient,[7] the Court finds that

_____

[7] During the omnibus hearing, trial counsel testified that she never promised Petitioner that his sentence would not exceed 20 years. (Document No. 17-1, p. 122.) Trial counsel states that she

Petitioner has not demonstrated that he was prejudiced by trial counsel's alleged failure to inform Petitioner that he could not withdraw his plea if his sentence exceeded 20 years. Petitioner has failed to prove that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Petitioner does not assert or suggest that he wished to proceed to trial because he is innocent.[8] Rather, Petitioner argues that he would not have pled guilty "had he been aware that the Court would stray from the 20-year recommendation." The Fourth Circuit, however, recognized that where the Court in the Rule 11 colloquy informs the defendant of the potential sentence he faces and defendant states that he understands that fact, any misinformation provided to defendant by his counsel is deemed "corrected" such that it no longer prejudices petitioner's decision to plead guilty. United States v. Foster, 68 F.3d 86, 87-88 (4th Cir. 1995); also see United States v. Craig, 985 F.2d 175, 179 (4th Cir. 1993)(per curiam)(stating that "any mis-advice given on relative sentencing possibilities . . . could not be considered the but-for cause of [defendant's] guilty plea").

At the plea hearing, Petitioner acknowledged that he was aware that the maximum term of imprisonment for a plea of guilty to First Degree Robbery could be life. (Document No. 17-1, pp. 6 - 7.) The trial court advised Petitioner that sentencing was within the court's discretion. (Id.) The

---

advised Petitioner "that the range of penalty is ten years up to basically, you know, infinity up to life." (Id., p. 128.) Trial counsel testified that she advised Petitioner that even though the State was recommending 20 years, Petitioner's sentence was at the judge's discretion. (Id., pp. 88, 97, and 117.) Trial counsel stated that she believed Petitioner understood his sentence was at the judge's discretion. (Id., p. 117.)

[8] During the omnibus hearing, trial counsel testified that she recommended that Petitioner plead guilty because the State had fourteen available eyewitnesses and Petitioner confessed to counsel that he was in fact guilty of the crime.

trial court inquired whether anyone had made any promises as to his sentencing and Petitioner responded "No, sir." (Id., p. 7.) The trial court further inquired whether Petitioner was completely satisfied with trial counsel's representation and Petitioner responded "Yes, sir." (Id., p. 5.) Accordingly, Respondent is entitled to summary judgment because Petitioner fails to demonstrate how he was prejudiced by trial counsel's alleged failure to inform Petitioner that he could not withdraw his plea if his sentence exceeded 20 years.

### B.      Ineffective Assistance of Trial Counsel at "Trial" Phase.

Petitioner claims that he "received ineffective assistance of counsel at the trial level." (Document No. 2, pp. 29 - 30.) Respondent argues that "since Petitioner did not have a trial, he cannot argue ineffective assistance of trial counsel." (Document No. 18, p. 20.)

*Habeas* petitions must meet heightened pleading requirements. McFarland v. Scott, 512 U.S. 849, 114 S.Ct. 2568, 129 L.Ed.2d 66 (1994). The petition must "set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Proceedings in the United States District Courts. "[N]otice pleading is not sufficient [in federal *habeas corpus*], for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Blackledge v. Allison, 431 U.S. 63, 75 n. 7, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); also see Bernier v. Moore, 441 F.2d 395, 396 (1st Cir. 1971)(*per curiam*)(stating that "[t]he fundamental purpose of *habeas corpus* would be undermined if the writ were prostituted by holding it out as available upon mere 'notice' without any showing of entitlement.") The petitioner must come forward with evidence that the claim has merit. Nickerson v. Lee, 971 F.2d 1125 (4th Cir. 1992), cert. denied, 507 U.S. 923, 113 S.Ct. 1289, 122 L.Ed.2d 681 (1993), *abrogation on other grounds recognized*, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). Unsupported, conclusory

allegations do not entitle a petitioner to relief. See Beasley v. Halland, 649 F.Supp. 561, 566 (S.D.W.Va. 1986)(finding that "[m]ere conclusory charges of perjury and the knowing use of perjured testimony is insufficient to warrant a hearing or habeas relief"); Jones v. Gomez, 66 F.3d 199, 204 - 05 (9th Cir. 1995)(stating that "[c]onclusory allegations which are not supported by a statement of specific facts do want warrant habeas relief").

The Court finds that Petitioner's above claim fails to meet the heightened pleading requirement. Petitioner merely makes a conclusory allegation that trial counsel was ineffective at the trial phase. Petitioner fails to allege any facts supporting his claim and the record clearly reveals that there was no trial conducted in his underlying criminal action. Therefore, the undersigned finds that summary judgment must be granted as to the above claim.

### C.   Ineffective Assistance of Trial Counsel Prior to Plea Agreement.

Petitioner contends that "trial counsel failed to properly investigate prior to the plea agreement." (Document No. 2, pp. 31 - 33.) Petitioner argues that "the State's response to Defendant's discovery motion produced no grand jury tapes, no criminal history of the defendant, an unknown list of tangible materials which we referred to but were not provided, no statements of 14 witnesses for the State were provided despite such statements being alluded to, and the State indicated an intent to use Rule 404(b) evidence, but no specific crime was mentioned and in the absence of a criminal history, trial counsel could not have known whether such evidence could be admissible." (Id., p. 32.) Petitioner claims that trial counsel's failure to obtain his criminal history was "especially egregious in this case due to the Petitioner's large volume of prior charged crimes being cited by the trial court as the primary reason for deviating from the State's recommended sentence." (Id.) Accordingly, Petitioner argues that he "was not afforded an adequate release of

18

discovery, and adequate time to evaluate any data." (<u>Id.</u>, p. 33.)

Respondent argues that Petitioner's claim that trial counsel failed to develop the record and evidence of guilt before advising Petition to plead guilty should be dismissed. (Document No. 18.) Respondent states that "the record, although not fully developed, suggests that the evidence of guilt available to the State for prosecuting Petitioner was overwhelming and Petitioner has not demonstrated otherwise." (<u>Id.</u>, p. 21.) Respondent further contends that "Petitioner suggests no viable reason why trial counsel should have conducted any further investigation in light of his own assertions and the evidence of guilt available to the State." (<u>Id.</u>) Finally, Respondent asserts that trial counsel was not required "to develop a case on the record in light of underlying facts that would offer few option for a defense, before advising a defendant whether to plead guilty or not." (<u>Id.</u>)

Generally, a guilty plea acts as a complete admission of the material elements of the crime which is charged and therefore constitutes an admission of factual guilt. It amounts to the waiver of the right to assert any constitutional or other non-jurisdictional issues which might appear prior to the admission of guilt. <u>Tollett v. Henderson</u>, 411 U.S. 258, 267, 93 S.Ct. 1602, 1603, 36 L.Ed.2d 235 (1973).

The Court finds that trial counsel adequately conducted an investigation and discovery prior to advising Petitioner to plead guilty. During the omnibus hearing, trial counsel testified that she recommended that Petitioner plead guilty because Petitioner confessed to counsel that he was in fact guilty of the crime and there were numerous eyewitnesses. Trial counsel testified that the discovery answer revealed that the State had fourteen eyewitnesses, who were available to testify against Petitioner. (Document No. 17-1, p. 124.) Trial counsel described her discussion concerning Petitioner's defense as follows:

19

Q.     In your discussions with Mr. Estepp what was his feeling about the charges? Was his position: "We can beat these charges; the evidence is insufficient." Was it more focused towards: "What will be my eventual outcome?"

What was - - how would you describe his focus of how he wanted to defend this case?

A.     When I talked with him about what his options were he basically told me when we were discussing about the possibility of trial, as I have indicated in the notes here, – as I briefly indicated in the notes, I say that he told me he had actually committed this crime and that he had done it because he had – you know, he needed money for drugs.

And so, of course, when a client tells you something like that I wouldn't want to put him on the stand. I wouldn't want him to make that sort of admission on the stand.

And so I went over with him the options for trial and, of course, when over with him his plea option and what the recommendation would be by the State.

(Id., p. 87.) Trial counsel stated that through discovery she obtained a copy of Petitioner's NCIC report and she inquired of Petitioner as to any other criminal charges. Specifically, trial counsel testified as follows:

A.     The State had provided to me on June the 6th, an NCIC which detailed numerous charges. I also asked Mr. Estepp to tell me about any other criminal cases that, you know, he may have had in his history. And so, based upon the NCIC and based upon Mr. Estepp's information to me, as well as I knew that he had the pending cases in Ironton and Mingo County because I actually spoke to the attorney that he had in Mingo County.

Q.     And so, based upon your knowledge, even including that knowledge from the NCIC and Mr. Esteep's account of what he remembered being charged with, you advised him to enter the plea on June 12th?

A.     I discussed with him. I told him it was - - I always tell every client that it's their choice because I am not the one facing the prison time. They have to be the one to make the decision. I tell them that my opinion is based upon, you know, the discovery and so forth.

I knew that the witnesses were available and would be willing to testify and

20

> I did not feel that Mr. Estepp should, you know, testify. But I left that decision up to him.

(<u>Id.</u>, pp. 89 - 90.) Trial counsel indicated that a viable defense was unlikely because the evidence against Petitioner was overwhelming. Specifically, trial counsel explained that "I was aware of the evidence against him" and "I felt with the evidence that the jury would definitely convict him of first degree robbery." (<u>Id.</u>, pp. 114-15 and 127.) Based upon the foregoing, the Court finds that trial counsel was not deficient in conducting discovery or an investigation prior to advising Petitioner to enter a plea of guilty.

Even assuming trial counsel's performance was deficient, Petitioner has failed to demonstrate how he was prejudiced. Petitioner does not allege that trial counsel failed to discover exculpatory evidence. Petitioner merely speculates that trial counsel may not have advised him to plead guilty had she conducted a thorough investigation. Although trial counsel had Petitioner's NCIC report, she inquired of Petitioner as to any remaining charges. Trial counsel testified that Petitioner's criminal history as contained in the presentence investigation report "wasn't a shock because he had – he told me that he had a lot." (Document No. 17-1, p. 135.) Accordingly, summary judgment is appropriate as to the above claim because there is no evidence that Petitioner was prejudiced by trial counsel's failure to conduct a more thorough investigation.

**3.      <u>Appellate Counsel was Ineffective.</u>**

Petitioner contends that appellate counsel was ineffective in failing to raise reversible errors on appeal. (Document No. 2, pp. 28 - 29.) Specifically, Petitioner contends that appellate counsel improperly failed to raise the following errors on appeal: (1) "Trial court's denial of the motion to withdraw guilty plea due to the failure to follow Rule 11(E)(2);" and (2) "Issues relating to disproportional sentencing." (<u>Id.</u>) Thus, Petitioner is asserting that appellate counsel acted

ineffectively by failing to present allegedly meritorious issues on appeal. (Id.) Respondent argues Petitioner's above claim must be dismissed because "there is no federal constitutional right to appeal or any other post-conviction collateral proceedings in criminal cases." (Document No. 18, p. 19.) Respondent explains that "[b]ecause West Virginia has no appeal of right and its not a death penalty state, there is no constitutional right to counsel in post conviction proceedings." (Id.)

The Fourth Circuit has recognized that "reviewing courts must accord appellate counsel the 'presumption that he decided which issues were most likely to afford relief on appeal.'" Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000), citing Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). Even assuming an issue to be meritorious, counsel is not required to raise on appeal every non-frivolous issue requested by a defendant. Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983)(stating that no decision "of this Court suggests . . . that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points."). The "[w]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989)(quoting Smith v. Murray, 477 U.S. 527, 536, 106, S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of counsel be overcome." Lawrence v. Branker, 517 F.3d 700, 709 (4th Cir. 2008), citing Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986).

In the instant case, appellate counsel filed an appeal on Petitioner's behalf raising the following grounds of error: (1) Involuntary Plea; (2) Ineffective Assistance of Trial Counsel; and

(3) Trial court lacked jurisdiction to accept the plea. The record is void of any evidence that Petitioner's claims of a Rule 11 violation and disproportionate sentencing were clearly stronger than the above grounds asserted by appellate counsel.[9] Furthermore, the Court finds that Petitioner has not shown that but for appellate counsel's failure to raise the grounds of a Rule 11 violation and disproportionate sentencing, the results of the proceeding would have been different. Therefore, Respondent is entitled to summary judgment as to Petitioner's claim that appellate counsel was ineffective.

**4.**    **Disproportionate Sentence.**

Finally, Petitioner argues that he "received an unconstitutional disproportionate sentence by the 80-year sentence imposed in this case." (Document No. 2, pp. 21 - 27.) Citing State case law, Petitioner contends that his sentence is disproportionate and "should be reduced as a matter of law." (Id., pp. 22 - 23.) Petitioner claims that "no greater than a 40-year determinate sentence (parole in 15 years) could have been imposed on him without violating constitutional prohibitions against disproportionate sentences." (Id., p. 25.) Therefore, Petitioner asserts that his sentence should be overturned because it "is not within the constitutional bounds affirmed in an excess of a life sentence for robbery." (Id.)

Respondent contends that there is no federal precedent under which Petitioner can prevail "[b]ecause this is not a death sentence case and because the sentence imposed fell within statutory limits." (Document No. 18, p. 17.) Respondent also states that "even if this Court finds that the

---

[9]  Petitioner contends that he was unaware that his sentence could exceed 20 years because the trial court failed to comply with Rule 11. In his appeal, appellate counsel argued that Petitioner's plea was involuntary because the plea was not entered into freely, deliberately, and intelligently.

Petitioner's sentence warrants a proportionality review this claim would still fail." (Id.) Respondent notes that "[h]arsh sentences for armed robbery are common in West Virginia" and the "West Virginia Supreme Court has consistently held that armed robbery is among the most heinous of crimes." (Id.) Respondent finally argues that "Supreme Court precedent on this issue allows wide latitude among the states to determine and impose sentences under state law and West Virginia courts commonly imposed lengthy sentences for first degree robbery." (Id., p. 18.)

The Eighth Amendment prohibits cruel and unusual punishment. The "principle that a punishment should be proportionate to the crime is deeply rooted . . . in common-law jurisprudence" and the "constitutional principle of proportionality" requiring that a punishment "should not be, by reasons of its excessive length or severity, greatly disproportionate to the offense charged" has long been recognized. Solem v. Helm, 463 U.S. 277, 284, 103 S.Ct. 3001, 3006, 77 L.Ed.2d 637 (1983). "The Eighth Amendment does not require strict proportionality between a crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." Harmelin v. Michigan, 501 U.S. 957, 1001, 111 S.Ct. 2680, 2705, 115 L.Ed.2d 836 (1991). "Reviewing courts . . . should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as the discretion that trial courts possess in sentencing convicted criminals." Solem, 463 U.S. at 290, 103 S.Ct. 3009. The Fourth Circuit has recognized that "outside the context of a capital sentence a proportionality review is necessary only with respect to sentences to life imprisonment without the possibility of parole." Beverati v. Smith, 120 F.3d 500, 504 - 05 (4th Cir. 1997), citing United States v. Kratsas, 45 F.3d 63, 67 (4th Cir. 1995); also see Rummel v. Estelle, 445 U.S. 263, 272, 100 S.Ct. 1133, 1138, 63 L.Ed.2d 382 (1980)("Outside the context of capital punishment, successful challenges to the

24

proportionality of particular sentences have been exceedingly rare.").

The Court first finds that the underlying criminal action was a noncapital case and Petitioner was not sentenced to life imprisonment without the possibility of parole. Thus, this Court is not required to conduct a proportionality review. Notwithstanding the above finding, the Court will consider the proportionality of Petitioner's sentence. When imposing Petitioner's sentence, the trial court considered Petitioner's age, extensive criminal record, complete disregard for the law, and danger to society. Specifically, the trial court stated as follows:

> Well, certainly you are not any - - in any stretch of the imagination any candidate for probation. Today apparently, according to our information, is the first time you have shown any remorse whatsoever for what you have done.
>
> You are thirty-one years of age, as I recall, which means you have been an adult for thirteen years. During that time we find you have been arrested forty-two times, fifty-seven misdemeanors and twenty-seven felonies. That's a total of eighty-four crimes you have been charged within those thirteen years. I don't know what that comes out to, about six crimes a year.
>
> You have been convicted of thirty-three misdemeanors and three felonies. You were on probation one time, which was revoked. In addition, during our investigation we found there were other charges pending against you.
>
> In the past you have failed to show up in court on several occasions. There are warrants out for your arrest. You have been fined on numerous occasions, which you have not paid fines.
>
> Many of the charges - - just like the criminal system goes, many of the charges were dismissed for one reason of another. But it's obvious to this Court that you have absolutely no regard for the criminal laws of this State or Kentucky or Ohio or anywhere else.
>
> In this particular case you fled from the police, is my understanding; that you committed a robbery with the use of a knife. You fled over into another state. I think you were cornered over there. You rammed a police car, I think, with your vehicle. You fled on foot. You were eventually arrested.
>
> The thirteen years you have been an adult I think that you have maybe worked four or five months out of the total time. To make a long story short, you have done absolutely nothing productive with your life.
>
> You are a habitual criminal under the definition. At this point in time in your life you have no redeeming social value whatsoever. If the Prosecutor had known your past criminal record, which they did not I assure you, I am sure they would have not recommended the twenty-year sentence.
>
> In West Virginia on a flat sentence, which this is, you have to serve one-forth

of that sentence before you are eligible to go before the Parole Board. This Court is of the opinion you are serious danger to society, and it will be the sentence of the Court that this Court is of the opinion that a sentence of eighty years in the penitentiary is an appropriate sentence in this case, with credit for time served. And that will be the order of the Court.

(Document No. 17-1, pp. 43 - 45.) Subsequently, the trial court reduced Petitioner's sentence to 60 years. (Document No. 25-1, p. 149.) Based upon the foregoing, the Court finds that Petitioner's sentence cannot be characterized as extreme or grossly disproportionate. The trial court adequately set forth the grounds supporting the length of the sentence imposed. Moreover, Petitioner's sentence was clearly within the statutory limit set by the West Virginia Legislature for the crime of First Degree Robbery.[10] Townsend v. Burke, 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948)(A sentence imposed within the statutory limits is generally not subject to *habeas* review). Accordingly, summary judgment is appropriate.

Based on the foregoing, it is hereby **ORDERED** that Petitioner's Motion to Supplement his Petition (Document No. 21.) is **GRANTED**, Respondent's Motion for Summary Judgment (Document No. 17.) is **GRANTED**, Petitioner's Petition is **DISMISSED** (Document No. 2.), and this matter is removed from the Court's docket.

---

[10] West Virginia Code § 61-2-12 provides as follows:

(a) Any person who commits or attempts to commit robbery by:

(1) Committing violence to the person, including, but not limited to, partial strangulation or suffocation or by striking or beating; or (2) uses the threat of deadly force by the presenting of a firearm or other deadly weapon, is guilty of robbery in the first degree and, upon conviction thereof, shall be imprisoned in a state correctional facility not less than ten years.

The Clerk is directed to mail a copy of this Order to Petitioner, who is acting *pro se*, and deliver a copy to counsel of record.

ENTER:   September 16, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE